Order Filed on February 6, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Bayview Loan Servicing, LLC, a Delaware Limited Liability Company | |
|---|---|
| In Re:<br><br>Timi W. Morak,<br><br>Debtor. | Case No.:  18-31403 JKS<br>Adv. No.:<br>Hearing Date:  1/10/19 @ 8:30 a.m.<br><br>Judge:  John K. Sherwood |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: February 6, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:      Timi W. Morak
Case No.:    18-31403 JKS
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Bayview Loan Servicing, LLC, a Delaware Limited Liability Company, holder of a mortgage on real property located at 572 North Maple Avenue, East Orange, NJ, 07017, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Mark G. Carusillo, Esquire, attorney for Debtor, Timi W. Morak, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by March 7, 2019, or as may be extended by application to extend the loss mitigation period, or modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of the loss mitigation order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is to pay the arrears while the loan modification is pending per the terms of the plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the difference between the loss mitigation payment and the regular post-petition payment in the even a loan modification is not successful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.