**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Marie-Ann Greenberg MAG-1284**
**Chapter 13 Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ 07004-1550**
**973-227-2840**

IN RE:

  TIMI W MORAK

**Order Filed on May 1, 2019 by**
**Clerk U.S. Bankruptcy Court**
**District of New Jersey**

**Case No.: 18-31403 JKS**

**Hearing Date: 4/25/2019**

**Judge: JOHN K. SHERWOOD**

**Debtor is Entitled To Discharge**

### ORDER CONFIRMING PLAN

The relief set forth on the following pages, numbered 2 through 3 is hereby **ORDERED**.

**DATED: May 1, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

Case No.:  18-31403 JKS

Caption of Order:        ORDER CONFIRMING PLAN

The Plan of the Debtor having been proposed to creditors, and hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

- ORDERED, that the plan of the above named Debtor dated 2/13/2019, or as amended at the confirmation hearing is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the Debtor; and it is further

- ORDERED, that to the extent that the Debtor's plan contains motions to avoid judicial liens under 11 U.S.C. Section 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified herein:

- ORDERED, that commencing 11/1/2018, the Debtor shall pay the Standing Trustee

  the sum of $10,792.66 paid into date over 6 month(s), and then

  the sum of $4,765.00 for a period of 54 month(s), which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586. The unsecured creditors shall receive on a pro rata basis, the balance remaining from the payments set forth in this paragraph, after payment of all administrative, priority & secured claims (i.e., Pot Plan); and it is further

- ORDERED, that Debtor must complete Loan Modification  of 572 Maple Avenue property by 4/8/2019 or as extended through the courts Loss Mitigation Program. If loan modification not completed case will be dismissed upon certification of the Standing Trustee with 14 days notice to debtor(s) and debtor's attorney; and it is further

- ORDERED, that if the Court's Docket does not reflect that a Pre-Confirmation Certification of Compliance has been filed by the Debtor(s) by 5/9/2019, the instant case will be dismissed without further notice or hearing to debtor(s) and debtor's attorney; and it is further

- ORDERED, that the Debtor must provide the Standing Trustee with current stub for each job on Schedule I by 5/9/19 or the case will be dismissed upon certification of the Trustee with 14 days notice to debtor(s) and debtor's attorney; and it is further

- ORDERED, that Debtor must make a lump sum payment to the Trustee of $10,000.00 in month 12 or the case will be dismissed upon certification of the Trustee with 14 days notice to debtor(s) and debtor's attorney; and it is further

- ORDERED, that Debtor must make a lump sum payment to the Trustee of $10,000.00 in month 24 or the case will be dismissed upon certification of the Trustee with 14 days notice to debtor(s) and debtor's attorney; and it is further

- ORDERED, that Debtor must make a lump sum payment to the Trustee of $5,000.00 in month 36 or the case will be dismissed upon certification of the Trustee with 14 days notice to debtor(s) and debtor's attorney; and it is further

- ORDERED, that the Debtor's attorney is allowed a fee of $3,500.00.  The unpaid balance of the allowed fee in the amount of $1,750.00 shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee; and it is further

- ORDERED, that should the Debtor fail to make plan payments for a period of more than 30 days, the Standing Trustee may file with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-receipt of Payment and request that the Debtors case be dismissed.  The Debtor shall have fourteen (14) days from the date of the filing of the Certification to file with the Court and serve upon the Trustee a written objection to such Certification; and it is further

- ORDERED, that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any discharged; and it is further

- ORDERED, The mortgage arrears are to be paid inside the plan pending completion of Loan Modification; and it is further

Case No.:  18-31403 JKS

Caption of Order:          ORDER CONFIRMING PLAN

- ORDERED, that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the Debtor, Debtor's attorney and any other party filing a Notice of Appearance.

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 18-31403-JKS
Timi W Morak                                                                    Chapter 13
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 1         Date Rcvd: May 01, 2019
                             Form ID: pdf903           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 03, 2019.
db            +Timi W Morak,    572 N. Maple Ave.,    East Orange, NJ 07017-4636

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 03, 2019                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 1, 2019 at the address(es) listed below:
            Denise E. Carlon    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED
            LIABILITY COMPANY dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
            Kevin Gordon McDonald    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED
            LIABILITY COMPANY kmcdonald@kmllawgroup.com,  bkgroup@kmllawgroup.com
            Marie-Ann  Greenberg    magecf@magtrustee.com
            Mark G. Carusillo    on behalf of Debtor Timi W Morak mark@carusillolaw.com,
            melissa@carusillolaw.com
            U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                    TOTAL: 5