**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
  **0** Valuation of Security        **0** Assumption of Executory Contract or Unexpired Lease        **0** Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:      **Timi W Morak**

Case No.: _____**18-31403**_____
Judge: _____**John K. Sherwood**_____

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original

■ Modified/Notice Required          Date: _____**11/27/2019**_____
☐ Motions Included          ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

THIS PLAN:

☐ DOES ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **MGC**        Initial Debtor:  **TWM**        Initial Co-Debtor        

## Part 1:  Payment and Length of Plan

     a.  The debtor shall pay  **431.97  Monthly**  to the Chapter 13 Trustee, starting on  **December 1, 2019**  for approximately **48** months.

     b.  The debtor shall make plan payments to the Trustee from the following sources:
- ■     Future Earnings
- ■     Other sources of funding (describe source, amount and date when funds are available):**Rental income.**

     c.  Use of real property to satisfy plan obligations:
- ☐     Sale of real property
   Description:
   Proposed date for completion:             

- ☐     Refinance of real property:
   Description:
   Proposed date for completion:             

- ■     Loan modification with respect to mortgage encumbering property:
   Description:**572 N. Maple Avenue, East Orange, NJ 07017**
   Proposed date for completion:     **2/1/2020 or as may be amended**

     d.  ☐     The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

     e.  ☐     Other information that may be important relating to the payment and length of plan:

## Part 2:  Adequate Protection        **X** NONE

     a.  Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ___ (creditor).

     b.  Adequate protection payments will be made in the amount of $___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **None** | | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a.  Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Bayview Loan Servicing, LLC** | **572 N. Maple Ave. East Orange, NJ 07017  Essex County** | **18,660.02** | **0.00** | **18,660.02** | **2,600.37** |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

3

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender ■ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f.  Secured Claims Unaffected by the Plan ■ NONE**

The following secured claims are unaffected by the Plan:

| Creditor |
|---|

**g.  Secured Claims to be Paid in Full Through the Plan ■ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

**Part 5:  Unsecured Claims        ☐ NONE**

a.  **Not separately classified**  allowed non-priority unsecured claims shall be paid:

☐        Not less than $____ to be distributed *pro rata*

☐        Not less than ___ percent

■        *Pro Rata* distribution from any remaining funds

b.  **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

**Part 6:  Executory Contracts and Unexpired Leases        X NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

4

## Part 7:  Motions    X  NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a.  Motion to Avoid Liens under 11 U.S.C. Section 522(f). ■ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.  ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
- ■ Upon Confirmation
- ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**

5

    5)    **Priority Claims**

    6)    **General Unsecured Claims**

### d. Post-Petition Claims

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

## Part 9:  Modification       ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **2/13/2019**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtor has been approved for a trial loan modification and is current with the trial payments. Upon payment of the final trial payment in February 2020, a minimum of $228,969.57 will be forgiven by Bayview.** | **Arrears to Bayview have been reduced per loan modification.  Added arrears owed to the Trustee. Removed lump sum payments in months 12, 24 and 36.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?     ☐ Yes          ■ No

## Part 10 :  Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:    **November 27, 2019**         **/s/ Timi W Morak**

                                          **Timi W Morak**
                                          Debtor

Date:

                                          Joint Debtor

Date    **November 27, 2019**         **/s/ Mark G. Carusillo**

                                          **Mark G. Carusillo 000000182081**
                                          Attorney for the Debtor(s)

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                      Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-31403-JKS
Timi W Morak                                                              Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin            Page 1 of 2           Date Rcvd: Dec 03, 2019
                              Form ID: pdf901        Total Noticed: 22


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 05, 2019.
db            +Timi W Morak,    572 N. Maple Ave.,   East Orange, NJ 07017-4682
517970091     +Associated Retinal Consultants,   c/o Pressler, Felt & Warshaw,LLP.,   7 Entin Road,
               Parsippany NJ 07054-5020
517902256     +Barbara Jones,    572 N. Maple Ave.,   #2,   East Orange, NJ 07017-4683
517839490      Bayview Loan Servicing, LLC,   P.O. Box 650091,   Dallas, TX 75265-0091
517839493     +Dr. Matthew Milestone,   Milestone Orthodontics,   502 Pleasant Valley Way,
               West Orange, NJ 07052-2802
517839494     +Essex Coutny Sheriff,   50 W. Market Street,   Newark, NJ 07102-1692
517839495     +Hackensack Medical Center,   30 Prospect Avenue,   Hackensack, NJ 07601-1915
517839496     +Kathleen M. Magoon, Esq.,   Shapiro & DeNardo, LLC,   14000 Commerce Parkway,   Suite B,
               Mount Laurel, NJ 08054-2242
517899391     +PSE&G,   P.O. Box 14444,   New Brunswick, NJ 08906-4444
517839498     +Wells Fargo Bank, N.A.,   P.O. Box 10335,   Des Moines, IA 50306-0335

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Dec 04 2019 00:18:57     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 04 2019 00:18:52     United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
517955753     +E-mail/Text: bkmailbayview@bayviewloanservicing.com Dec 04 2019 00:19:32
               Bayview Loan Servicing, LLC,   4425 Ponce de Leon Blvd, 5th Floor,
               Coral Gables, FL 33146-1837
517839491     +E-mail/PDF: creditonebknotifications@resurgent.com Dec 04 2019 00:33:05     Credit One Bank,
               PO Box 98873,   Las Vegas, NV 89193-8873
518578926      E-mail/PDF: resurgentbknotifications@resurgent.com Dec 04 2019 00:32:26     LVNV Funding LLC,
               PO Box 10587,   Greenville, SC 29603-0587
518578927      E-mail/PDF: resurgentbknotifications@resurgent.com Dec 04 2019 00:33:10     LVNV Funding LLC,
               PO Box 10587,   Greenville, SC 29603-0587,   LVNV Funding LLC,   PO Box 10587,
               Greenville, SC 29603-0587
517920296      E-mail/PDF: resurgentbknotifications@resurgent.com Dec 04 2019 00:31:41     LVNV Funding, LLC,
               Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
517940496      E-mail/Text: bnc-quantum@quantum3group.com Dec 04 2019 00:18:45
               Quantum3 Group LLC as agent for,   Comenity Bank,   PO Box 788,   Kirkland, WA  98083-0788
517956786     +E-mail/Text: bncmail@w-legal.com Dec 04 2019 00:19:06     SYNCHRONY BANK,
               c/o Weinstein & Riley, PS,   2001 Western Ave., Ste 400,   Seattle, WA 98121-3132
518321182     +E-mail/PDF: gecsedi@recoverycorp.com Dec 04 2019 00:31:59     Synchrony Bank,
               c/o of PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
518530711     +E-mail/PDF: gecsedi@recoverycorp.com Dec 04 2019 00:32:45     Synchrony Bank,
               c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk VA 23541-1021
517839497      E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 04 2019 00:18:31     Wayfair/Comenity Bank,
               PO Box 182273,   Columbus, OH 43218-2273
                                                                            TOTAL: 12


          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*          +Synchrony Bank c/o PRA Receivables Management, LLC,   PO BOX 41021,   Norfolk, VA 23541-1021
517839492*   +Credit One Bank,   PO Box 98873,   Las Vegas, NV 89193-8873
                                                                   TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 05, 2019                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0312-2                User: admin              Page 2 of 2              Date Rcvd: Dec 03, 2019
                                    Form ID: pdf901          Total Noticed: 22


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 27, 2019 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED
               LIABILITY COMPANY dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Kevin Gordon McDonald    on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Kevin Gordon McDonald    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED
               LIABILITY COMPANY kmcdonald@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Mark G. Carusillo    on behalf of Debtor Timi W Morak mark@carusillolaw.com,
               melissa@carusillolaw.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                        TOTAL: 6
```